2. On January 21, 1920, while proceeding to his place of business, he collapsed in the street, and was thereafter confined to his home under the care of a physician for a period of two years.

3. Some time during 1920 his resignation was requested, but he remained on the pay roll throughout the year, receiving $500 semi-monthly, making a total of $12,000.

4. For the year 1920 the taxpayer forwarded to the collector for his district Form 1040, partially executed, to which was attached a statement setting forth the receipt of the $12,000, and giving as the reason for his failure to include the same in his gross income, that it was in the nature of a gift, as he rendered no services after January 20 of that year. The Commissioner included the amount in the taxpayer's gross income, assessed a tax of $754.17 and rejected his claim in abatement under date of November 28, 1924, from which this appeal is taken.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MORRIS: It is our opinion that the amount received by the taxpayer in 1920 from A. G. Spalding & Brothers, Inc., was compensation and not a gift. See *Appeal of John H. Parrott*, 1 B. T. A. 1.

---

Appeal of **BARTLEY SCOW CO., INC.**     Docket No. 1885.

Submitted April 7, 1925; decided May 20, 1925.

*Warren J. Eldridge, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal involves a deficiency in income taxes for the years 1919, 1920, and 1921, aggregating the sum of $8,611.32. The only issue is as to the amount of invested capital. The Commissioner disallowed $50,000 of $150,000 claimed by the taxpayer.

FINDINGS OF FACT.

In 1917, William S. Bartley owned fourteen scows. Being aged and in feeble health, he desired to sell these scows, and by reason of such feeble health, his son, Edward L. Bartley, handled his business for him.

The price asked by William S. Bartley for these fourteen scows was $150,000.

Edward L. Bartley found persons desiring to purchase said scows, viz, the four McAllister brothers. After some negotiations, the

McAllisters offered to pay $100,000 for said scows. In the further negotiations it was agreed by and between Edward L. Bartley and the McAllisters that he, Edward L. Bartley, should continue the management and operation of said fourteen scows and receive as compensation a salary and commissions.

The deal was then closed, as by contract, and the McAllisters paid $10,000 as forfeit money to close the deal. This was on October 10, 1917. Thereafter the McAllisters suggested that a corporation be formed to take over the said scows, and a corporation was so formed, with an authorized capital stock of $100,000.

On the 16th of October, 1917, William S. Bartley conveyed said fourteen scows direct to said corporation, the Bartley Scow Co., Inc., in consideration of one dollar and other valuable considerations.

Certificates for the entire capital stock of the corporation were issued and passed to William S. Bartley, either directly or indirectly, and were immediately indorsed by him in blank and delivered to the McAllisters, and they paid him in cash $100,000, including the $10,000 theretofore paid.

There was no contract or other written evidence of the agreement between the McAllisters and Edward L. Bartley. There was no evidence tending to show how long his services to the corporation should continue. There was no proof offered of the original cost of the scows; neither was there any evidence of the amount of the salary or commissions agreed to be paid to Edward L. Bartley.

It was agreed by and between counsel for the taxpayer and counsel for the Commissioner, and the Board finds, that 5 per cent is the correct rate of deduction for depreciation.

The Board further finds that $100,000 was the correct amount of invested capital attributable to the acquisition of the fourteen scows.

DECISION.

The determination of the Commissioner is approved.